COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


BRIDGESTONE FIRESTONE, INC.
AND
INSURANCE COMPANY OF THE
 STATE OF PENNSYLVANIA
                                        MEMORANDUM OPINION[*]
v.   Record No. 2065-95-4                  PER CURIAM
                                        FEBRUARY 27, 1996
MICHAEL J. DOERNBERG


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

            (Ralph L. Whitt, Jr.; Jennifer G. Marwitz;
            Sands, Anderson, Marks & Miller, on brief),
            for appellants.

            (Wesley G. Marshall, on brief), for appellee.


     Bridgestone Firestone, Inc. and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Michael J.

Doernberg (claimant) sustained an injury by accident arising out

of and in the course of his employment on April 6, 1994, rather

than a change in condition related to a July 1, 1989 injury.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     Claimant, a store manager for employer, testified that on

April 6, 1994, his job duties required that he supervise

personnel, perform car repairs, and close tire sales.  On that

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

date, he leaned into a customer's car trunk in order to remove a tire. As he moved the tire, he felt a sharp pain in his left lower back and buttocks. He reported this accident to his employer's workers' compensation/safety manager and sought medical treatment from Dr. Samuel D. Jessee, an orthopedic surgeon.

Claimant admitted that he had suffered a previous back injury in 1989. However, in April 1994, claimant was not under any active medical care for his back nor was he under any physical restrictions. Claimant testified that he felt fine prior to the April 6, 1994 injury, and he played golf and basketball on occasion. During the several months before April 6, 1994, claimant did not miss any time from work related to back pain. Between 1993 and April 6, 1994, claimant performed his job duties without any problems and did not suffer from daily or even weekly pain. After April 6, 1994, claimant's back pain prevented him from lifting and performing physical labor at work.

Following the 1989 back injury, Dr. Jessee diagnosed claimant as suffering from an L4-L5 herniated disc. Dr. Jessee prescribed epidural steroid injections, the last one administered on June 1, 1992. No evidence showed that claimant underwent any medical treatment for his back between June 2, 1992 and April 7, 1994. On April 8, 1994, Dr. Jessee noted that claimant had done well and had not had back symptoms until the April 6, 1994 accident. Dr. Jessee diagnosed a persistent herniated disc and

2

prescribed lumbar steroid injections. A September 14, 1994 MRI revealed a new objective finding, consisting of a disc herniation at L5-S1 and a herniated disc at L4-L5. Thereafter, Dr. K. Singh Sahni, a neurosurgeon, recommended that claimant undergo surgery.

Based upon this record, the commission held that claimant proved he sustained a new injury by accident arising out of and in the course of his employment on April 6, 1994. In so ruling, the commission found as follows:

> [Claimant] testified that he felt back pain while moving a tire at work on April 6, 1994. This is consistent with both the history elicited by his treating physician and the recorded statement given to the carrier. The MRI performed in September 1994 revealed the presence of a herniated disc at L5-S1 which was not appreciated in the earlier studies.
>
> While the claimant testified that he had experienced intermittent back pain since his original injury in 1989, this pain was not severe enough to require medical attention. However, subsequent to his injury on April 6, 1994, he had required repeated epidural steroid injections in order to alleviate his pain. Further, Dr. Sahni recommended surgical intervention, which was not an option considered prior to April 6, 1994.

"In order to carry his burden of proving 'an injury by accident,' a claimant must prove that the <u>cause</u> of his injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 598, 385 S.E.2d 858, 865 (1989).

> [A]ggravation of an old injury or a
>
> preexisting condition is not, per se,

3

> tantamount to a "new injury." To be a "new
> injury" the incident giving rise to the
> aggravation must, in itself, satisfy each of
> the requirements for an "injury by accident
> arising out of . . . the employment."

First Federal Savings & Loan Ass'n v. Gryder, 9 Va. App. 60, 63, 383 S.E.2d 755, 757-58 (1989). On appeal, factual findings made by the commission will be upheld when supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Claimant's testimony, coupled with the medical records of Drs. Jessee and Sahni, constitute credible evidence to support the commission's finding that claimant experienced an identifiable incident on April 6, 1994 resulting in a sudden mechanical or structural change in his lower back.

Accordingly, we affirm the commission's decision.

Affirmed.

4